## DAVID RIDEOUT *vs.* INHABITANTS OF SCHOOL DISTRICT No. 5 IN DUNSTABLE.

An article in a warrant for a school meeting " to see if the district will prescribe the mode of calling all future meetings of the district," does not authorize the district at such meeting to prescribe the mode of warning future meetings; and when no special mode of warning meetings has been prescribed by the district at a regular meeting, having an article in the warrant for that purpose, such meetings must be warned in the mode prescribed by Rev. Sts. c. 23, § 47; and a vote passed to raise money at a meeting not so warned is illegal.

CONTRACT to recover back a school district tax. At the trial in the superior court it appeared that the town of Dunstable was regularly and lawfully divided into school districts in the year 1846; that the first meeting of the defendant district was regularly called upon application to and warrant from the selectmen of the town, and at the said meeting, under the following article in the warrant, namely, " To see if the district will prescribe

the mode of calling all future meetings of the district," it was voted that "the clerk shall call all future meetings by posting a warrant on the school-house in said district"; that, at all subsequent meetings of the district, the return of the clerk upon the warrant stated that he had "notified and warned the freeholders and other inhabitants of School District No. 5 in Dunstable, qualified to vote in town affairs," &c.; but it did not in any instance appear from his return, or from any evidence in the case, what notice was in fact given, or whether any copy had been posted on the school-house; nor was there any article in the application to or warrant from the selectmen to see if the district would prescribe the mode of warning all future meetings, or any meetings of the district, or in any manner relating to or contemplating the subject or mode of warning meetings. There was no vote of the district after the first meeting, prescribing by whom or in what manner all or any of the future meetings of the district should be called, or in what mode such meetings should be warned.

At a school meeting in 1856, warned in the manner above described, and under a proper article in the warrant, a vote was passed to raise $350 to build a school-house in said district, and afterwards, at an adjournment of the same meeting, $50 was added for the same purpose; and this action was brought to recover back the amount assessed upon the plaintiff in pursuance of that vote.

It also appeared that the plaintiff was called upon for payment of the tax by the collector, who had a tax bill and warrant in the form prescribed by law, and, at the time of paying the tax, declared that it was illegal, and that he paid it intending to have it back if he could get it.

Upon this evidence, with other evidence not material to the decision, *Ames*, J., instructed the jury that the tax was illegally assessed; and that if paid upon compulsion, and not voluntarily, the plaintiff was entitled to recover it back with interest. A verdict was returned for the plaintiff, and the defendants alleged exceptions.

*A. R. Brown*, for the defendants.
*E. A. Kelly*, for the plaintiff.

20*

DEWEY, J. Without expressing any opinion as to the other grounds relied upon by the plaintiff, as showing the tax paid by him to have been illegally assessed, the court are of opinion that the plaintiff may maintain his right to recover back the same, by reason of the want of authority in the district to raise money by the vote stated in the bill of exceptions, such meeting not having been legally warned.

The mode of warning the inhabitants of school districts to meet for any purposes connected with the discharge of the duties appertaining to it is specially directed by Rev. Sts. *c.* 23, § 47, unless the district shall prescribe another mode of warning their meetings. Such other mode is to be adopted in the manner stated in § 48, providing that " every school district may at any regular meeting, having an article in the warrant for that purpose, prescribe the mode of warning all future meetings." But no such mode has ever been prescribed at a regular meeting, having an article in the warrant for that purpose.

The article in the warrant in the present instance was thus : " To see if the district will prescribe the mode of calling all future meetings of the district." The power of prescribing the mode of calling the meetings of the district was a distinct power from that of warning such meetings, which is also given by a subsequent provision. That such distinction exists was held by this court in *Stone* v. *School District No. 4 in Hamilton,* 8 Cush. 592.

As the warrant had no article on the subject of prescribing the mode of warning district meetings, any vote to that effect was invalid. *Little* v. *Merrill,* 10 Pick. 543. Whether the terms of the vote, that " the clerk shall call all future meetings by posting a warrant on the school-house," indicate a purpose to prescribe any duty beyond that of calling a meeting, it is unnecessary to consider, for the reasons already stated. The meeting not having been warned in the mode required by Rev. Sts. *c.* 23, §§ 47, 48, the vote raising money was unauthorized, and the assessment upon the plaintiff illegal.

Upon the facts stated in the case, if any protest was required to be made upon paying the tax, it is fully shown to have been made. *Exceptions overruled.*